# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV192-C

| | |
|---|---|
| ALICE C. SEABROOK, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **MEMORANDUM AND RECOMMENDATION** |
| THE SALVATION ARMY, | ) **AND ORDER** |
| MICHELLE PITT, and | ) |
| FRANSY K. PENA ROBRIGUEZ, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the "Defendants The Salvation Army and Fransy K. Pena Rodriguez's Motion to Dismiss" (document #7) and "Brief ... in Support ..." (document #8), both filed May 30, 2006.[1] The pro se Plaintiff has not filed a responsive brief and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendants' Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2006, the Plaintiff, Alice C. Seabrook, filed her pro se Complaint, alleging a

---

[1] The third Defendant, Michelle Pitt, apparently has not been served with a Summons and copy of the Complaint, however, in light of the insufficiency of the Plaintiff's claim as to all Defendants, discussed below, the Court has considered the Motion to Dismiss as to Ms. Pitt as well.

claim under 42 U.S.C. § 1983 against the Defendants – The Salvation Army, a Georgia nonprofit corporation operating a homeless shelter in Charlotte, North Carolina, Fransy K. Pena Rodriguez, a Salvation Army employee and resident advisor at the shelter, and Michelle Pitt, a resident at the shelter – and contending that on April 21, 2006, these non-governmental Defendants, that is, private citizens, violated the Plaintiff's rights under the United States Constitution by "evicting" her from the shelter. The Plaintiff seeks $50,000 in compensatory damages.

On May 30, 2006, the Defendants filed their Motion to Dismiss on the basis, among others, that § 1983 claims must be premised on action taken by a State or other governmental official or entity.

The Plaintiff has not responded to the Defendants' Motion which is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980

F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, however, even taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, her § 1983 constitutional claims against these private, non-governmental Defendants must be dismissed. Indeed, it is well settled that a § 1983 claim for a constitutional violation may be maintained only against government officials. Accord American Mfrs. Inc. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (in equal protection case, plaintiff entitled to relief, if any, only as to actions taken by government officials); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991) ("constitutional guarantees ... do not apply to the actions of private entities"); and Goldstein v. Chestnut Ridge

Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000).

In short, although certainly unpleasant, being required to leave a temporary shelter, even assuming arguendo that the eviction was accomplished through the use of force or threats of force, is insufficient to support § 1983 claims where the allegedly offending parties were all private citizens.[2] Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants'"Motion to Dismiss" (document #7) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE.**

## IV. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

---

[2]Even had the Plaintiff included state law claims in her pro se pleading, there would be no basis for exercising federal subject matter jurisdiction over those claims, that is, diversity jurisdiction cannot exist where the Plaintiff and the two individual Defendants are citizens of North Carolina, and it appears on the face of the Complaint that the amount in controversy is less than $75,000. See 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998) (case falls within federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete and amount in controversy exceeds $75,000); and Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) (diversity of citizenship must be "complete," that is, if any plaintiff and any defendant are citizens of same state, diversity does not exist).

Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: June 19, 2006

*/s/ Carl Horn, III*

Carl Horn, III
United States Magistrate Judge

5